Theodore T. Benson and Annette Benson v. Commissioner.
Benson v. Commissioner
Docket No. 5351-65.
United States Tax Court
T.C. Memo 1967-74; 1967 Tax Ct. Memo LEXIS 186; 26 T.C.M. (CCH) 374; T.C.M. (RIA) 67074; April 10, 1967
Murray Frank, 545 Fifth Ave., New York, N. Y., for the petitioners Edward H. Hance, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined deficiencies in petitioners' income tax for the calendar years 1960 and 1961 in the amounts of $6,506.19 and $4,779.24, respectively, and by amendment to answer claimed increases in deficiencies for these years in the respective amounts of $299.86 and $464.43. Some of the issues raised by the pleadings have been disposed of by the parties leaving for our decision the following: (1) Whether petitioners realized additional income from Coronet Products Corp., a subchapter S corporation, resulting from an increase in income of that corporation because of certain deductions, claimed by that corporation for boat depreciation and *187 expenses, automobile depreciation and expenses, office expenses, Christmas expenses, travel and entertainment and miscellaneous expenses being in excess of the amount of such expenses properly allowable in each of the years 1960 and 1961. (2) Whether petitioners are entitled to deductions of amounts claimed as business expenses for entertainment, telephone, automobile, travel and miscellaneous in excess of the amounts allowed by respondent in each of the years 1960 and 1961. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioners are husband and wife who resided in Great Neck, New York, at the date of the filing of the petition in this case. They filed a joint Federal income tax return for the calendar year 1960 with the district director of internal revenue at New York, New York, and a joint Federal income tax return for the calendar year 1961 with the district director of internal revenue at Brooklyn, New York. Theodore T. Benson (hereinafter referred to as petitioner) was president of Coronet Products Corp. (hereinafter referred to as Coronet) during the years 1960 and 1961. Coronet was a small business corporation under the provisions *188 of Subchapter S of the Internal Revenue Code of 1954 [1] and it filed a U.S. Small Business Corporation Return of Income for each of the calendar years 1960 and 1961 with the district director of internal revenue at New York, New York. Coronet was engaged in the jobbing business. The principal products it offered for sale were complete lines of underwear. In addition to its own jobbing business Coronet represented two other firms. Coronet was organized in 1946 although for 2 or 3 years prior to its organization petitioner had done business under the name of Coronet. Coronet was organized to separate the business of jobbing underwear from petitioner's personal business of a manufacturer's representative for a range of items from toys to outerwear and infants' wear. During 1960 and 1961 Coronet had eight women employees who worked in its office. One of these employees was the bookkeeper. Petitioner was the only salesman for Coronet and did all its selling as well as selling for his personal business as a manufacturer's representative. The customers of Coronet as well as of petitioner in his *189 personal capacity were primarily the chain and variety stores such as F. W. Woolworth Co., Newberry, G. C. Murphy, F. & W. Grant, McCory, S. H. Kress & Co., S. S. Kresge, Sears Roebuck, Montgomery Ward, Alden's, National Belles, Spiegel's and Butler Brothers. The buyers of these companies with whom petitioner dealt as a representative of Coronet were different individuals from the buyers with whom he dealt as a manufacturer's representative in his personal capacity. Petitioner would take business trips to various cities and would on a single trip see certain buyers in the various regional offices of the companies to which both he and Coronet sold as a representative of Coronet and other buyers of these companies as a manufacturer's representative in his personal capacity. When he returned to the office in New York he would tabulate his expenses and apportion so much to Coronet and so much to himself personally. On his various trips petitioner expended cash amounts for telephone calls and for entertaining the various buyers with whom he dealt on behalf of Coronet and himself personally. Some months petitioner would take four trips of two or three days each and in other months petitioner *190 would take two trips of approximately a week each or only one trip of approximately two weeks. Petitioner had an automobile in 1960 and 1961 which he used approximately 40 percent for business purposes and the remainder for personal purposes. In addition to the entertainment petitioner did when he was traveling he also entertained buyers of the companies to which he and Coronet sold in New York. His entertainment of the buyers would consist of luncheons, dinners, and theatre parties and Saturday or Sunday boating trips in good weather. Petitioner paid certain office expenses in cash such as snacks to eat while working with a buyer, some postage, stationery, supplemental cleaners and meals for employees who worked late. Coronet had one employee for whom, in accordance with an employment agreement, it paid commuting costs of $8.85 per week. Coronet charged this payment on its books to travel expense. Petitioner gave checks and cash amounts at Christmas time to maintenance workers, deliverymen, messengers, parcel postmen, letter carriers and personnel of the Advertising Club in New York. During 1960 and 1961 petitioner owned a 30-foot Chris Craft boat which was used exclusively *191 for entertainment of buyers of the companies to which he and Coronet sold merchandise. There were certain items of expense claimed by Coronet on its returns for 1960 and 1961 no part of which was disallowed by respondent. One of such items was telephone and telegraph expenses of $3,600.72 in 1960 and $4,611.73 in 1961. The items claimed by Coronet and disallowed in part by respondent for the years 1960 and 1961 which are in issue in this case are: 1960
1961
Amount
Amount
Amount
Amount
Item
Claimed
Disallowed
Claimed
Disallowed
Office expense, stationery and printing
$ 5,495.61
$2,600.00
$ 7,807.64
$2,200.00
Miscellaneous
695.78
600.00
465.95
400.00
Travel
4,977.04
2,000.00 *
3,271.92
2,000.00 *
Auto
2,930.59
293.00
2,125.36
212.54
Entertainment
20,158.95
5,080.96
19,288.88
5,000.00
Christmas expense
1,654.83
1,000.00
1,863.54
400.00
Boat expenses
1,836.51
918.28
1,478.43
739.22
Insurance - Boat
443.18
221.59
495.70
247.85
Boat - Depreciation
2,988.00
2,461.06 **
1,493.00
966.06 **
*192 The amounts other than depreciation claimed as a deduction by Coronet for boat expense and boat insurance consisted of actual expenditures made by Coronet for docking fees and maintenance and operating costs of the boat and insurance on the boat. Petitioners on their joint returns for the years 1960 and 1961 claimed certain items of business expenses as deductions no portion of which was disallowed by respondent. Among the items claimed by petitioners as deductible business expenses in 1960 no portion of which was disallowed by respondent was Christmas expense of $476.85 and among such items for 1960 and 1961 was "Boat Maintenance" in the amounts of $12.78 and $175.00, respectively. The items claimed by petitioners and disallowed in part by respondent for the calendar years 1960 and 1961 which are in issue in this case are: 1960
1961
Amount
Amount
Amount
Amount
Item
Claimed
Disallowed
Claimed
Disallowed
Entertainment
$6,618.80
$3,689.60
$4,883.52
$3,000.00
Telephone
526.49
500.00
542.23
500.00
Auto expense
1,327.41
600.00
1,878.29
600.00
Travel
2,200.43
1,000.00
2,642.77
1,000.00
Miscellaneous
695.76
500.00
507.38
400.00
*193 Opinion The issue here is entirely one of fact. Section 162 provides for the allowance of deductions for all ordinary and necessary business expenses. The issue here is the amount of such deductions to which petitioner and Coronet are entitled. Respondent allowed a part of each deduction claimed and the burden is on petitioner to show that he and Coronet expended for business purposes in each of the categories of items here in issue amounts in excess of the amounts allowed by respondent. In order to make this showing it is necessary for petitioner to prove both that the expenditures were actually made and, if made, that they were proximately related to the business of petitioner or aff'd (C.A. 9, 1962). Except as to the amount of $8.85 per week which Coronet paid as part of the compensation of an employee but deducted as travel expense and the portion of boat expense and insurance disallowed as a deduction to Coronet in each of the years here in issue and $526.94 of the boat depreciation disallowed, petitioner has totally failed to carry his burden of proof. As to the other amounts disallowed *194 there is no testimony as to the amounts actually spent and only general testimony as to the type of expenditures deducted under the various categories listed on petitioner's and Coronet's returns. What type of items petitioner included in travel is not shown. It may have included purchases of personal items such as clothing or gifts for family or personal friends insofar as this record shows. There is no showing of the items comprising entertainment expense and for all the record shows the amounts charged to this category of expense might have included personal entertaining. While the record is not completely clear that the $8.85 paid by Coronet as commuting expense for an employee was paid every week for the entire two years here in issue, the inference is that it was paid for this entire period. We, therefore, hold that Coronet is entitled to deduct $460.20 in each of the years here in issue in excess of the amount allowed by respondent under the category of travel. We also hold that respondent erred in disallowing any portion of the deduction claimed by Coronet as boat expenses and boat insurance. The record indicates that petitioner owned the boat which was used exclusively for *195 the business purposes of his own business and that of Coronet. It would therefore seem that petitioner and not Coronet would be entitled to the depreciation deduction. However, since apparently respondent did not question the ownership of the boat but merely the extent to which it was used for business purposes and allowed a portion of the depreciation claimed by Coronet, we do not consider that there is an issue here as to the proper party entitled to the depreciation deduction. We, therefore, hold that Coronet is entitled to deduct boat depreciation in each of the years 1960 and 1961 of $526.94 in excess of the amount of deduction for such depreciation allowed by respondent. We sustain respondent in his disallowance of deductions to Coronet and to petitioner except as to the items heretofore set forth because of petitioner's failure of proof of error in respondent's determination. Decision will be entered under Rule 50. Footnotes
1. All references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
*. The disallowed portion of this expense includes the $8.85 per week commuting expense paid for an employee. ↩
**. Petitioner contests only the amount of $526.94 for each year which results from a disallowance of one-half of the total amount of depreciation on the boat as computed by respondent.↩